RECEIVED
USDC. CLERK. CHARLESTON. SC
2009 FEB 18 A 10: 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deborah Hubbard-Sarvis, #80267, | C.A. No. 2:08-3580-TLW-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Samuel B. Glover, Benjamin Aplin, Gwendolyn Bright, and Lovee Watts, June Shissias, James Williams, Sanco Rembert, Orton Bellamy, Marlene T. McClain, J. P. Hodges, John McCarroll, and Teresa A. Knox, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions for summary judgment. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

The plaintiff, Deborah Hubbard-Sarvis, filed this suit on October 24, 2008. The following employees of the South Carolina Department of Probation Parole and Pardon Services (Department) are named defendants: Samuel B. Glover, Benjamin Aplin, Gwendolyn Bright, Lovee Watts, June Shissias, James Williams, Sanco Rembert, Orton Bellamy, Marlene T. McClain, J. P. Hodges, John McCarroll, and the Director of Legal Services for the Department, Teresa A. Knox. Plaintiff sued the defendants in their individual and official capacities.

Plaintiff alleges that due to the defendants' decision to deny her parole eligibility, she has been denied constitutionally guaranteed due process. She seeks an award of one hundred ($100.00) dollars in damages for each day of her incarceration beginning October 30, 2003[2], and one hundred thousand ($100,000) dollars per year for each year she has been denied a parole hearing. Plaintiff also seeks actual damages for pain and suffering "or whatever this court rules as fair." (Complaint at pg. 5).

---

[2] The defendants did not raise a statute of limitations defense even though this action apparently comes after the Statute of Limitations had run on most claims.

2

The defendants filed a motion for summary judgment on December 19, 2008.[3] The plaintiff was provided copies of the motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on January 6, 2009, and filed an amendment to the opposition on February 2, 2009. Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the

---

[3] The defendants also filed a motion for summary judgment on November 18, 2008, and amended the motion on December 4, 2008. The last motion is the same as the amended motion except that it added the newest defendant, Knox, as a moving party.

opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

**FACTS**

The facts either undisputed or according to the plaintiff as the non-moving party, to the extent they are supported by the

4

record, and all reasonable inferences therefrom are as follow.

## PROCEDURAL HISTORY

On February 19, 1976, Plaintiff was convicted of armed robbery and sentenced to a term of imprisonment. She escaped from prison and her sentence was increased as a result. She was released on parole in 1983.

In March 1992, Plaintiff went to trial in Horry County, South Carolina, on charges that she shot and killed her paramour[4] Oscar Leigh Nobels.[5] Plaintiff presented evidence at the murder trial that she was a battered woman in support of her plea of self-defense, including expert witness testimony. Presiding Judge Sidney T. Floyd charged the jury on self-defense and battered woman syndrome. Nonetheless, on March 20, 1992, the jury found Plaintiff guilty of murder. Judge Floyd sentenced Plaintiff to life in prison. Additionally, Plaintiff's armed robbery parole was revoked. Judge Floyd did not make a finding that the plaintiff would be eligible for parole upon serving one-fourth of her sentence due to a history of criminal domestic violence as permitted by S.C. Code Ann. 16-25-90.[6]

---

[4] Nobles is described as Plaintiff's "paramour" in the murder indictment and as her "boyfriend" in the S.C. Court of Appeals' decision.

[5] The Solicitor dismissed an additional charge that the plaintiff also murdered her husband, John Sarvis.

[6] Plaintiff relies on early parole pursuant to S.C. Code Ann. § 16-25-90 (Supp. 2007) which reads in relevant part:

5

Plaintiff did not appeal[7] or seek post conviction relief concerning her contention that Judge Floyd erred in not finding that she should be eligible for early parole consideration pursuant to Section 16-25-90.

At the time of the plaintiff's murder conviction, South Carolina law provided for parole eligibility upon the service of twenty (20) years incarceration. Prior to the plaintiff's becoming eligible for parole, she petitioned the South Carolina Department of Probation, Parole and Pardon Services (Department) for early parole eligibility pursuant to South Carolina law, specifically § 16-25-90. Plaintiff claimed that due to a history of criminal domestic violence she should be allowed to appear before the board upon serving one-fourth of her sentence.

Plaintiff's letter was investigated and Defendant Knox determined that the plaintiff had failed to present credible evidence needed to satisfy the statutory requirements of S.C.

---

> Notwithstanding any provision of Chapters 13 and 21 of Title 24, and notwithstanding any other provision of law, an inmate who was convicted of or pled guilty or nolo contendere to, an offense against a household member shall be eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to, nolo contendere to, or was convicted of an offense against the household member, or in post-conviction proceedings pertaining to the plea or conviction, presented credible evidence of a history of criminal domestic violence, as provided in Section 16-25-20, suffered at the hands of the household member.

[7] She unsuccessfully appealed other issues. State v. Sarvis 317 S.C. 102, 450 S.E.2d 606 (S.C. App. 1994).

Code § 16-25-90. See, State v. Grooms, 343 S.C. 248, 540 S.E.2d 99 (S.C. 2000). Upon this determination the Department notified the plaintiff that due to the Department's findings she would not be eligible for early parole consideration.

The Department later investigated the parole eligibility of the plaintiff to determine if she was ever convicted of a prior violent offense. Through this investigation, it was determined that because of Plaintiff's prior February 21, 1976, conviction for armed robbery, she was not eligible for parole.[8] See, Def. exhibit 1 (indictment for armed robbery). On October 27, 2004, the plaintiff was notified by then Department legal counsel Lovee Watts, that, pursuant to South Carolina law, she would not be eligible for parole because of her prior conviction of a violent offense, armed robbery. See, Def. exhibit 5, letter from Lovee Watts.

Upon receiving this determination, the plaintiff filed a notice of appeal with the Administrative Law Court. See, Def. exhibit 3, (notice of appeal from the plaintiff) On November 15, 2007, the Honorable Marvin F. Kittrell, Chief Administrative Law

---

[8]. Section 24-21-640 of the South Carolina Code of Laws states:
> The board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60.

S.C. Code Ann. § 24-21-640 (Supp. 2005).

Judge issued an order affirming the decision of the Defendant that the plaintiff would not be eligible for parole. See, Def. exhibit 4 (order issued by Judge Kittrell). Plaintiff did not appeal this decision.

Instead, when she received Judge Kittrell's decision, the plaintiff wrote the Department seeking to settle the matter of not being eligible for parole without future litigation. See, Def. exhibit 6, (letter from the plaintiff). The plaintiff was then informed that the proper inquiries had been made regarding her request for early parole consideration and that the decision denying parole eligibility was final and would not be reversed. See, Def. exhibit 7 (letter from Defendant). After receipt of this letter, the plaintiff continued to make inquiries to the Department seeking a reversal of the decision to deny parole eligibility. However, the Department never considered reversing this decision, and this action followed.

## DISCUSSION

A review of the record and relevant case law indicates that the defendants' summary judgment motion should be granted and this matter ended.

As a threshold matter, it appears that Plaintiff's claims are not cognizable under Section 1983. A Section 1983 action is the proper vehicle to challenge the conditions of confinement, not the fact or length of confinement. Preiser v. Rodriguez, 411

U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Plaintiff prayed for money damages "or whatever this court rules as fair" for Defendants' "intentional deprivation of her liberty interests." In order to challenge the fact or duration of her confinement, a state prisoner must seek federal habeas corpus relief or the appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Further, when a state prisoner seeks damages in a § 1983 suit, as here, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Young v. Nickols, 413 F.3d 416 (4th Cir. 2005)(citing Wilkinson).

Therefore, to the extent that the Plaintiff challenges the fact or length of her confinement, such challenge is cognizable only in a petition for habeas corpus relief under 28 U.S.C. § 2254 and not in a Section 1983 complaint.

Even if the plaintiff could challenge her denial of parole and parole eligibility under Section 1983, she still cannot state a cause of action. The plaintiff was denied parole eligibility

9

pursuant to South Carolina law. She is currently serving a life sentence for the violent crime of murder; she received this life sentence after she was already convicted of a previous violent crime of armed robbery. Armed robbery is classified as a violent offense pursuant to Section 16-1-60 of the South Carolina Code of Laws. According to South Carolina law, any person convicted a second time for a crime classified as violent crime cannot become eligible for parole. Section 24-21-640 of the South Carolina Code of Laws specifically prevents the defendant Department from granting parole, "nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60".

Next, to the extent that the Plaintiff contends that her denial of parole eligibility constitutes an ex post facto violation, she is incorrect. "Where conduct in committing offenses which trigger recidivist features of sentencing provisions occur after the sentencing provision's effective date, there is no ex post facto violation." State v. Jones, 344 S.C. 48, 59, 543 S.E.2d 541, 546 (2001), citing State v. Dabney, 301 S.C. 271, 391 S.E.2d 563 (1990) (amendment of statute lengthening period of time previous convictions could be used to increase punishment for subsequent DUI offense did not violate ex post facto clause as applied to drivers who committed offenses for

which they were being sentenced after effective date of statute's amendment). In Jones, the South Carolina Supreme Court held that there was no ex post facto violation because Jones had committed the armed robberies after the passage of the "two-strikes" law under which he had been sentenced. The same result obtains here.

The plaintiff also claims that in denying her parole the Department has violated her constitutional rights. Plaintiff's argument is without merit because there is no right to parole. Instead, parole is a privilege, not a right, and that right is given through the law created by the legislature. Sullivan v. South Carolina Dept. of Corrections, 355 S.C. 437, 586 S.E.2d 124 (2003), cert. denied, 540 U.S. 1153, 124 S.Ct. 1155, 157 L.Ed.2d 1050 (2004). Thus, the defendants have not infringed or denied any of the plaintiff's Constitutional rights in denying her parole.

Plaintiff also claimed that the defendants did not even read the evidence she twice presented to them to support her contention that she is eligible for early parole, and this failure to read her evidence violated her liberty interest in having her evidence considered fairly. She elected to submit no evidence whatsoever to this court that this actually occurred. She was warned by the court's order of November 20, 2008, that if she did not submit evidence in support of her claims, summary judgment could be awarded to the defendants. In face of that

order and the defendants well supported summary judgment motion, Plaintiff advised the court on February 2, 2009, that she would provide transcripts of "audiotapes of some of the defendants" "if this case survives summary judgment and briefs are ordered by this court." (Clerk's document 40). The defendants are entitled to summary judgment.

As alternative grounds for dismissal, the defendants in their official capacities enjoy eleventh amendment immunity from suit, Will v. Michigan Department of State Police, 491 U.S. 58 (1989), as well as qualified immunity from suit in their individual capacities, pursuant to Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 18, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

13